IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GERALD W. SCAFIDI, WHEEL-INN PARK & CAMPGROUNDS, INC., WHEEL-INN TRAILER PARK, INC., and SCAFIDI'S RESTAURANT, INC. | § § § § § § | PLAINTIFFS |
| v. | § § § | Case No. 1:14-mc-42-HSO-RHW |
| JAMES B. PERSONS | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

This matter is before the Court *sua sponte* to consider its subject matter jurisdiction over this case. "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). After consideration of the record and relevant legal authorities, the Court concludes that it lacks subject matter jurisdiction over this matter, and this case will be dismissed without prejudice.

I. BACKGROUND

Plaintiffs' claims arise from a judgment entered against them by Judge James B. Persons, chancellor of the Eighth Chancery Court District of Mississippi. Mot. [1] at 2. Unhappy with the decisions made by the Chancery Court, Plaintiffs Gerald W. Scafidi, Wheel-Inn Park Campgrounds, Inc., Wheel-Inn Trailer Park,

Inc., and Scafidi's Restaurant, Inc., have filed in this Court an "Independent Action in Equity and Motion for Relief from Judgment for Fraud Upon the Court" [1] and Motion for Temporary Restraining Order and/or Preliminary Injunction [2] *pro se*.[1] Judge Persons is the sole Defendant. Plaintiffs seek relief from a judgment entered by Judge Persons in the Chancery Court matter and ask this Court, among other things, to vacate Judge Persons' orders and judgments and sanction Judge Persons for certain actions taken in that case.

## II. DISCUSSION

Subject matter jurisdiction "goes to the court's very power to hear the case." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

This Court is without subject matter jurisdiction to consider Plaintiffs' request to vacate Judge Persons' orders and judgments. "No court of the United States, other than the United States Supreme Court, can entertain a proceeding to reverse, modify, or otherwise engage in an appellate review of, a state court decision." *Chasez v. Powell,* No. 1:07-cv-929-LG-JMR, 2008 WL 591941, *1 (S.D. Miss. Feb. 28, 2008).

The Supreme Court has definitively established, in what has become

---

[1]A corporation, however, cannot appear *pro se*; "a corporation can appear in a court of record only by an attorney at law." *Southwest Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982) (quotation omitted).

> known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quotations omitted).

In this case, Plaintiffs attack the validity of the state court judgment and essentially ask this Court to review and reverse it. This Court is without subject matter jurisdiction to entertain such claims. *See id.*; *see also Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 390–91 (5th Cir. 2012).

With respect to Plaintiffs' apparent 42 U.S.C. § 1983 claims against Judge Persons for purported violations of Plaintiffs' constitutional rights, the Fifth Circuit instructs that "[i]f the district court is confronted with issues that are 'inextricably intertwined' with a state court judgment, the court is in essence being called upon to review the state court decision." *United States v. Shepherd,* 23 F.3d 923, 924 (5th Cir. 1994) (quotation omitted). The Fifth Circuit "has determined that issues are 'inextricably intertwined' when a plaintiff casts a complaint in the form of a civil rights action to circumvent the *Rooker-Feldman* rule." *Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 351 (5th Cir. 2003) (citation omitted). "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney,* 786 F.2d 688, 690–91 (5th Cir. 1986). This is precisely what Plaintiffs attempt to do here, and the Court therefore lacks subject matter jurisdiction over

Plaintiffs' § 1983 claims by virtue of the *Rooker-Feldman* doctrine.  *See id.*; *see also, e.g., Turner v. Chase,* 334 F. App'x 657 (5th Cir. June 22, 2009) (dismissing state law claims and 42 U.S.C. §§ 1983, 1985, and 1986 claims against ex-husband, his former counsel, plaintiff's former counsel, the judge presiding over the divorce proceedings, and the clerk of court for lack of jurisdiction under the *Rooker-Feldman* doctrine).

Even if federal subject matter jurisdiction existed over Plaintiffs' § 1983 claims, Judge Persons is nevertheless entitled to judicial immunity based upon the facts alleged.  "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)).  "The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant."  *Id.* (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991)).  The United States Supreme Court has explained the doctrine of judicial immunity as follows:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial.
>
> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations and quotations omitted).

The Fifth Circuit

> has adopted a four-factor test for determining whether a judge's actions were judicial in nature:  (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005)).

Plaintiffs have not alleged that Judge Persons took any nonjudicial actions outside his judicial capacity.  Nor do they allege that Judge Persons acted in the complete absence of all jurisdiction.  Rather, Plaintiffs complain about actions Judge Persons took in the state court action in his judicial capacity.  Judge Persons therefore enjoys absolute judicial immunity from Plaintiffs' claims for his judicial acts performed in the state court judicial proceedings.  Dismissal of this case is warranted on this basis as well.  *See Mireles*, 502 U.S. at 11–12.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 13th day of February, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE